McDonald, J.,
concurring.
1,1 respectfully concur in the result only. At best,' this case has a confusing procedural posture. On February 22, 2016, the trial court conducted a hearing on exceptions of prescription and no cause of action as to the original petition. The petition made a claim for unjust enrichment. The defendant pointed out that the claim was actually' one for money lent. Thus, since the plaintiff had this valid claim under Louisiana law, there was no cause of action for unjust enrichment. Additionally, a claim for money lent prescribes in three years and since suit was not filed within that time, it was prescribed. Inexplicably, the trial court granted the exception of prescription without first ‘ determining what type of action the plaintiff had and took the' no cause of action exception under consideration. Later, the judge also granted that exception and a judgment was signed on March 18, 2016. Evidently, a funny thing happened on the way to the hearing on February 22. The plaintiff filed an amended[1] petition asserting an alternative claim for money lent. It appears that at the time of the hearing, no one but the plaintiffs attorney knew it had been filed.[2]
| gAfter the adverse decision on the original petition, the plaintiff filed a motion for new trial. This was heard on May 18. Strangely, it appears that at this hearing, the trial court addressed not only the issues actually before the court on the motion for new trial, but also the new “money lent” claim in the amended petition. We know this because the record indicates testimony by Mr. Calloway concerning his understanding that he loaned the money to Ms. Lobrano and it was due and payable one year after the date she borrowed it. The transcript of the hearing also indicates argument by counsel for both parties and discussion by the court about the Claims in the amended petition. A judgment was signed on May 20, 2016, that denied the motion for new trial. The judgment does not mention the- amended petition. So, even if the issues to be decided by the trial court at the May 18 hearing were expanded to include the exceptions of prescription *653 and no cause of action as they pertain to the amended petition, I do not believe the May 20 judgment addresses the amended petition. It only denies the motion for new trial.
It is difficult to determine what is before us on appeal. The notice of appeal only mentions one judgment, the March 18 judgment. As noted by the majority, the number “18” has been lined out and the number “20” as been written in. It is most likely that Mr. Calloway intended to appeal the May 20, 2016 judgment. This, arguably, would have appealed the judgment of March 18 granting the exceptions of prescription and no cause of action as well as the decision denying the motion for new trial on those issues in the original petition. However, I am not sure the May 20 judgment addresses the issues in the amended petition; I do not believe there is a judgment on those issues. The May 20 judgment only denies the motion for new trial; it does nothing else.
Thus, in reviewing the March 18 judgment, we need not discuss the amended petition since it is not before us. As already mentioned, I do not believe it can be before us, because there is no judgment that directly deals with it. However, I believe the majority is correct in affirming the trial court’s judgment.
For these reasons, I respectfully concur.

. While ‘titled, as an "amended petition” this .is actually- a supplemental petition. Rather than amend any of the original eight paragraphs of the original petition it adds new paragraphs and asserts a new cause of action.

. On February 29, 2016, the trial court issued written reasons that were memorialized in the March 18 judgment. In his reasons that sustained both the exception of prescription and no cause of action, the trial court judge only references the cause of action for unjust enrichment and states that he does not believe the grounds raised in the exception can be removed by amending the petition. This would certainly indicate that he was unaware that an amended petition had already been filed-